# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.C., a minor by and through his Guardian Ad Litem ROSIO REGALADO; JESUS CASTILLO and MARTHA SAUCEDO,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; FRED MARTINEZ and DOES 1-10, inclusive,<br><br>Defendants. | Case No. EDCV 13 00789 VAP (SPx)<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED** as follows:

1. **GOOD CAUSE: PURPOSE AND SCOPE**

Plaintiffs served Rule 34 Requests for Production of Documents and Things on Defendant County of Riverside ("County"); in response thereto, County is producing documents deemed privileged and/or confidential, specifically:

**Personnel records of peace officers, including but not limited to records concerning personnel investigations of same, which would be subject under federal law to the official information and/or federal privacy privilege and under State law to privacy/confidentiality provisions of the Peace Officer's Bill of Rights and/or Ev. Code Secs. 1043, 1045.**

Documents produced under these designations, as well as information extracted therefrom, shall be referred to as "Confidential Information" and shall be subject to this Protective Order.

## 2. DURATION

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this litigation, and shall not be lifted without further order of this Court.

In the event that the case proceeds to trial, such of the "Confidential Information" as is testified to or contained in an exhibit admitted in evidence becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

After the litigation is concluded by final judgment and/or dismissal, all documents subject to this order held by any party, its counsel, experts or consultants, shall be destroyed.

## 3. DESIGNATED CONFIDENTIAL INFORMATION

3.1. Each party that designates Confidential Information for protection under this Protective Order shall ensure that such designation is not over-broad, and applies only to those materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

3.2. Information may qualify as Confidential Information only if it has not been made public.

3.3. Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents.

3.4. An inadvertent failure to designated Confidential Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

4. **TERMS AND CONDITIONS OF USE OF INFORMATION**

4.1. Under no circumstances shall "Confidential Information" be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court. "Confidential Information" must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

4.2. "Confidential Information" and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order.

4.3. Disclosure of Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

        4.3.1. any Party to this action and that Party's counsel;

        4.3.2. staff and personnel employed by counsel for any party to this action;

        4.3.3. the Court and court personnel, in connection with this litigation;

        4.3.4. during their depositions, witnesses who, from the face of the document, appear to have previously created, authored, or received it; and

        4.3.5. experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

4.4. If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) as "Confidential."

4.5. "Confidential Information" that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use "Confidential Information" must both (a) submit unredacted documents containing such Information under seal and (b) file public versions of the same documents with such Information redacted.

4.6. Except as set forth in paragraph 5.7.1, counsel for any party to this action shall advise those individuals to whom disclosure of "Confidential Information" is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of

such individual that he or she will be bound by this Protective Order, prior to disclosure of such Information. In the event such individual does not consent to be bound by this Protective Order, no disclosure of "Confidential Information" shall be made to that individual.

    4.6.1. The foregoing provision shall not apply to the disclosure of "Confidential Information" to the Court or the Court's staff.

4.7. Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to "Confidential Information" in any other court proceeding without further order of this Court.

4.8. The parties shall made good faith efforts to consent to the use of "Confidential Information," and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

4.9. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

5. **CHALLENGES TO DESIGNATIONS**

5.1. Should a party challenge the designation of "Confidential Information," that party must do so in good faith, and shall confer directly with counsel for the producing party.

5.2. If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall

be on the party designating "Confidential Information."  The designation of the challenged information shall remain unchanged until the Court rules on the challenge.

6. **UNAUTHORIZED DISCLOSURE**

   6.1. If a receiving party learns that it has disclosed "Confidential Information" to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the "Confidential Information" from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto.  Should the Court determine that the receiving party intentionally disclosed "Confidential Information" to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

   6.2. Under no circumstances shall the receiving party file in the public record any "Confidential Information" without written permission from the producing party or an Order of this Court, and only upon timely written notice to all interested parties.  The parties shall made good faith efforts to consent to the use of "Confidential Information" and shall meet and confer to discuss redactions of particularly sensitive information.

7. **RIGHT TO ASSERT OBJECTIONS**

   7.1. By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to

1  disclosure or production of information on any ground not
2  addressed herein.  The parties do not waive any right to object to
3  the use in evidence of the material covered by this Protective
4  Order.

6  This Order may not be modified unless by written consent of the parties **and**
7  approval of the Court.
8  **IT IS SO ORDERED.**

11 **Dated:**  April 8, 2014

_____/s/_____
Sheri Pym
United States Magistrate Judge